25-2903-cv
Ottavino v. Inc. Vill. of Westbury

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:  RAYMOND J. LOHIER, JR.,
                     *Chief Judge,*
              BARRINGTON D. PARKER,
              MYRNA PÉREZ,
                     *Circuit Judges.*

------------------------------------------------------------------

JAMES TRENT, AS PRELIMINARY
EXECUTOR OF THE ESTATE OF
MARGARET OTTAVINO,
A. OTTAVINO PROPERTY
CORPORATION,

     *Plaintiffs-Appellants,*

     v.                                                    No. 25-2903-cv

INCORPORATED VILLAGE OF
WESTBURY, TADEUS A. BLACH,
AS VILLAGE CLERK AND
TREASURER OF THE

INCORPORATED VILLAGE OF
WESTBURY, BR MADISON LLC,
NASSAU PROPERTY INVESTORS
LLC,

*Defendants-Appellees.*
------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS: PAUL E. KERSON, Leavitt, Kerson & Sehati, Forest Hills, NY

FOR DEFENDANTS-APPELLEES INCORPORATED VILLAGE OF WESTBURY, TADEUS A. BLACH, AS VILLAGE CLERK AND TREASURER OF THE INCORPORATED VILLAGE OF WESTBURY: ANDREW M. ROTH, Sahn Ward Braff Coschignano, PLLC, Uniondale, NY

FOR DEFENDANTS-APPELLEES BR MADISON LLC, NASSAU PROPERTY INVESTORS LLC: DONNA A. NAPOLITANO, Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Carolyn Bichoupan, Robert Bichoupan P.C., Manhasset, NY, Nicholas Tuffarelli, Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The Plaintiffs A. Ottavino Property Corporation ("AOPC") and James Trent, as preliminary executor of the estate of AOPC's former owner Margaret

2

Ottavino, appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) dismissing their complaint as barred by res judicata. The Plaintiffs bring claims against the Defendants—Incorporated Village of Westbury, Westbury's Treasurer, BR Madison LLC, and Nassau Property Investors LLC ("NPI")—under the Takings Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. The claims arose from Westbury's seizure and sale of AOPC's property in Westbury, New York, to satisfy a tax lien against the property. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2014, after AOPC failed to timely pay local taxes that were "levied against" its Westbury property, Westbury conducted a public auction, or "tax lien sale," of tax certificates associated with the property. App'x 213 (citation modified). The tax lien sale culminated in Westbury's Treasurer conveying the property to BR Madison by deed recorded and acknowledged in 2017. BR Madison later conveyed the property to NPI, which subsequently commenced a quiet title action under Article 15 of the New York Real Property Actions and Proceedings Law. In that action, NPI sought a declaratory judgment that it was

3

the record owner of the property and that all other rights to the property, including AOPC's, had been extinguished. The New York State court granted judgment in favor of NPI and declared NPI the record owner of the property, notwithstanding AOPC's challenges to the validity of the tax lien sale.

As the state court quiet title action proceeded, AOPC initiated a special proceeding against the Defendants under Article 78 of New York's Civil Practice Law and Rules to set aside the deed and reinstate its ownership rights relating to the Westbury property. The state court in the Article 78 proceeding dismissed AOPC's claims because they had already been litigated in NPI's quiet title action. The Appellate Division affirmed the dismissal, and the Acting Chief Judge of the New York Court of Appeals denied leave to appeal. *See In re A. Ottavino Prop. Corp. v. Inc. Vill. of Westbury*, 161 N.Y.S.3d 812, 812–13 (2d Dep't), *appeal denied*, 38 N.Y.3d 913 (2022).

In 2023 the Plaintiffs brought this federal action to challenge Westbury's transfer of AOPC's property as well as New York's tax foreclosure scheme. The District Court granted the Defendants' motions to dismiss the complaint after concluding that the Plaintiffs' claims were barred by res judicata because they

4

arose from the same transactions litigated in the prior state court proceedings described above.

On appeal, the Plaintiffs principally contend that res judicata does not bar their claims in this federal action because, they say, those claims rest on different legal theories than those raised in the prior state court actions. In particular, the Plaintiffs assert that the Supreme Court's decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), recognized a Takings Clause claim that they could not previously have asserted in the state court actions. We disagree.

As an initial matter, because res judicata provides an independent basis for affirmance, we need not resolve whether *Rooker-Feldman* also provides an alternative ground to dismiss the claims. *See Butcher v. Wendt*, 975 F.3d 236, 244 (2d Cir. 2020). "[W]e may assume hypothetical statutory jurisdiction in order to resolve this appeal on the merits because the *Rooker-Feldman* doctrine does not implicate Article III jurisdiction." *Id.* "We review *de novo* a district court's dismissal of a complaint on the ground of *res judicata*." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018).

Under New York law, which we apply, res judicata bars an action if "(1) the previous action involved an adjudication on the merits; (2) the previous

action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *see Whitfield v. City of New York.*, 96 F.4th 504, 522–23 (2d Cir. 2024). Under New York's "transactional approach to res judicata, . . . if claims arise out of the same factual grouping[,] they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (citation modified).

No one in this case disputes that each of the state court proceedings "involved an adjudication on the merits," *Monahan*, 214 F.3d at 285, or that there was privity between the parties, *see* Appellants' Br. 23 ("The Court below was also correct when it held '. . . plaintiffs satisfy all the elements of claim preclusion.'"). The Plaintiffs argue instead that they could not have raised their Fifth Amendment Takings claim until the Supreme Court decided *Tyler*. But the record of proceedings in this very case belies the argument, as the Plaintiffs themselves asserted a Takings Clause claim in their federal action before *Tyler* was decided. Moreover, nothing prevented the Plaintiffs from pressing their

6

Takings Clause claim in the New York State courts, which are authorized to review federal constitutional challenges in quiet title and Article 78 proceedings. *See Walton v. N.Y. State Dep't of Corr. Servs.*, 8 N.Y.3d 186, 193–94 (2007); *ISCA Enters. v. City of New York*, 77 N.Y.2d 688, 698 (1991); *see also O'Brien v. Town of Huntington*, 884 N.Y.S.2d 446, 447 (2d Dep't 2009) (challenge to "unlawful taking" in quiet title action).  Indeed, the Plaintiffs raised constitutional challenges to the tax lien sale in their quiet title action, in their Article 78 complaint, and on appeal before the Appellate Division.  So the Plaintiffs' takings claim could have been raised in the prior state proceedings, notwithstanding the subsequent decision in *Tyler*.

## CONCLUSION

We have considered the Plaintiffs' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7